IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| BRENDA BAKER, *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Civil Action No. 3:07CV212-HEH |
| | ) |
| STURDY BUILT MFG., INC., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION
(Granting Defendants' Motion to Dismiss)

This is a civil action brought under the Racketeer Influence and Corrupt Organizations Act, commonly referred to as RICO, against a construction company and its associates by disappointed homeowners. It is before the Court on Defendant Michael S. Emerick's ("Emerick") Motion to Dismiss filed on August 30, 2007, Defendant Merle L. Saville's ("Saville") Motion to Dismiss filed on September 13, 2007, and Defendants Sturdy Built Manufacturing Inc. ("Sturdy Built"), Daniel Patete, and Douglas Patete's Motion to Dismiss filed on September 13, 2007. All parties have submitted a memorandum of law in support of their position. The Court will dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court, and argument would not aid in the decisional process. For the reasons stated herein, the Court will grant the Motions to Dismiss.

## I. Background

Brenda Baker, Alexander Bodnar, Evelyn Bodnar, Jonathan Frederickson, Christine Frederickson, Richard Kelly, Michael Piombino, Matt Schellhaas, Giovina Starace, and Thomas Sullivan ("Plaintiffs") are property owners in Virginia, Maryland, New Jersey, New York, and Pennsylvania. Plaintiffs have all contracted previously with Sturdy Built to construct pre-fabricated buildings on their property. They allege that Sturdy Built and its employees and associates have committed "hundreds of inter-related acts of fraud" during the course of performing the construction contracts. Some of the principal acts of alleged fraud entail providing plans to Plaintiffs bearing the seal of a long-deceased architect, employing unlicensed engineers to inspect Sturdy Built construction projects and to misrepresent the quality of the workmanship, and keeping funds paid in advance by Plaintiffs for work that was either not completed or was completed in an insufficient manner by untrained crews using inadequate materials.

The frustrated Plaintiffs filed this civil action on April 12, 2007. The Complaint names Sturdy Built, Ramona Patete, Daniel Patete, Douglas Patete, Dana Patete, Merle L. Saville, and Michael S. Emerick as Defendants. Ramona Patete and Dana Patete were voluntarily dismissed from the suit on September 19, 2007. Defendants Daniel Patete and Douglas Patete are children of Sturdy Built's owner, Christopher Patete. Daniel Patete is a citizen of Pennsylvania. Plaintiffs allege that he was a salesman for Sturdy Built and participated directly in the control, management, and operation of Sturdy Built. Douglas

Patete is likewise a citizen of Pennsylvania. He is also alleged to be a salesman for Sturdy Built and an unlicensed engineer utilized by Sturdy Built to review plans. Merle L. Saville is a citizen of Maryland and an engineer that Plaintiffs allege was unlicensed in many jurisdictions in which he performed services and who made misrepresentations regarding Sturdy Built construction projects. Michael S. Emerick is an attorney licensed in Pennsylvania who the Complaint asserts conspired with Sturdy Built to disburse Plaintiffs' funds from escrow accounts to Sturdy Built without authorization.

The centerpiece and jurisdictional hook of Plaintiffs' Complaint is an allegation that Defendants have committed a civil violation of RICO contained in Count I. 18 U.S.C. § 1962. The balance of the Complaint alleges assorted violation of Virginia laws.[1] Count II alleges civil conspiracy. Count III alleges conversion. Count IV alleges aiding and abetting. Count V alleges Defendants committed consumer fraud. Plaintiffs' Complaint seeks treble damages and punitive damages in excess of $17,000,000.

Defendant Michael S. Emerick moves to dismiss the Complaint pursuant to Rules 9(b) and 12(b)(6) of the Federal Rules of Civil Procedure. Emerick contends that Plaintiffs have failed to plead their claims of fraud with the requisite particularity and that the Complaint is an attempt to inflate a simple breach of contract claim into a RICO claim

---

[1] Plaintiffs allege violations of Virginia law but only four of the construction projects at issue took place in Virginia. It appears that the New Jersey, New York, Maryland, and Pennsylvania Plaintiffs seek enforcement of Virginia law over construction projects that were not negotiated in Virginia, not performed in Virginia, and made by parties with no connection to Virginia.

in an effort to recover treble damages. Emerick also asserts that Plaintiffs' RICO claim should be dismissed because the Complaint does not allege sufficient predicate acts to prove a pattern of racketeering activity. Defendants Sturdy Built, Daniel Patete and Douglas Patete find similar fault with Plaintiffs' Complaint. They incorporate much of Emerick's motion and move the Court to dismiss Plaintiffs' Complaint under Rules 12(b)(6) and 9(b). Defendant Merle L. Saville claims that Plaintiffs have failed to state a viable RICO claim and moves for dismissal under Rule 12(b)(6). The Defendants' motions, collectively, seek dismissal utilizing similar legal justification and are well-founded. They will be referred to and evaluated in this memorandum opinion as one motion.

## II. Standard of Review

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992). Generally, dismissals under Rule 12(b)(6) are disfavored by the courts because of their res judicata effect. *Fayetteville Investors v. Commercial Builders, Inc.*, 936 F.2d 1462, 1471 (4th Cir. 1991). A complaint need only have "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964 (2007) (internal quotation marks

omitted). The complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* at 1965. In considering a motion to dismiss under Rule 12(b)(6), the Court "must assume that the allegations of the complaint are true and construe them in the light most favorable to the plaintiff." *Martin*, 980 F.2d at 952.

Most complaints require only "a short and plain statement of the claim showing that the pleader is entitled to relief." *Twombly*, 127 S. Ct. at 1964. In pleading fraud, however, "the circumstances constituting fraud or mistake shall be stated with particularity." Fed. R. Civ. P. 9(b). The "circumstances" required to be pled with particularity are "the time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby." *Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 784 (4th Cir. 1999). The Court evaluates a Motion to Dismiss under Rule 9(b) by keeping in mind the four purposes of the rule: "First, the rule ensures that the defendant has sufficient information to formulate a defense by putting it on notice of the conduct complained of…Second, Rule 9(b) exists to protect defendants from frivolous suits. A third reason for the rule is to eliminate fraud actions in which all the facts are learned after discovery. Finally, Rule 9(b) protects defendants from harm to their goodwill and reputation." *Id.*

### III. Analysis

**A.   RICO Claim**

Plaintiffs' claim that Defendants' business practices are sufficiently egregious and

widespread to amount to an ongoing criminal enterprise in violation of RICO. 18 U.S.C. § 1962. The showing required to succeed on a RICO charge in the Fourth Circuit is both demanding and well-established.

RICO provides treble damages when a plaintiff can prove that a given defendant has engaged in a "pattern of racketeering activity." 18 U.S.C. § 1962. Racketeering activity is an act in violation of specified state criminal statutes or an act indictable under federal mail or wire fraud statutes. 18 U.S.C. § 1961(1). Establishing a pattern of racketeering activity requires proof of two or more predicate acts of racketeering, that is two or more preceding violations of a specified state crime or federal statute, in a ten year period. *Id.*; 18 U.S.C. § 1961(5).

Simple recitation of the RICO statute betrays the extraordinary nature of a civil RICO claim and the difficulty a plaintiff faces in making the requisite showing. Congress passed RICO because of concern over long-term criminal conduct. *H.J. Inc. v. Northwestern Bell Tel. Co.*, 492 U.S. 229, 239 (1989). Courts have acknowledged the underlying legislative intent by requiring "a plaintiff . . . show that the racketeering predicates are related, and that they amount to or pose a threat of continued criminal activity." *Id.* The Fourth Circuit rigorously applies this "continuity relationship plus test" when determining whether an ongoing criminal enterprise is present to "prevent RICO's harsh sanctions, such as treble damages, from being applied to garden-variety fraud schemes." *Eplus Tech., Inc. v. Aboud*, 313 F.3d 166, 181-82 (4th Cir. 2002).

Plaintiffs' allege in their Complaint that between 2001 and the time of filing the Defendants have engaged in multiple acts of mail and wire fraud indictable under 18 U.S.C. §§ 1962(a), 1962(b), and 1962(c). Later in the Complaint Plaintiffs assert that Defendants have used the mail, wire, and internet to send Plaintiffs numerous letters, faxes, and emails in which "they misrepresented and concealed material facts and effectively stole the Plaintiffs' money." Plaintiffs' Complaint details in provocative language a large amount of alleged wrongdoing by Defendants, but the allegations are best labeled as consumer complaints rather than succinct legal claims of indictable mail and wire fraud.

Pages seven and eight of Plaintiffs' Complaint, for example, delineates a list of alleged wrongdoing by Defendants including "the misuse of an engineer's seal; . . . passing off Daniel Patete as a 'structural' engineer, when, in truth, he was only licensed as a 'professional' engineer; Misrepresentation, *inter alia*, that the project would be the 'most enjoyable construction project ever;'. . . Misrepresentation that they were 'specialists' and experts." This laundry list of grievances may be well-suited for submission to a state regulatory agency but falls short when Plaintiffs attempt to utilize it as particularized allegations of an ongoing criminal enterprise. The allegations are rich in censure but shallow in detail. Dates and the specific Defendant that committed a given fraudulent act are conspicuously absent. Nowhere in their Complaint do Plaintiffs plead acts of fraud with the particularity mandated by Rule 9(b) to include the violation of

federal mail and wire fraud statutes that form the foundation of their RICO claim.

Even if predicate acts of mail and wire fraud were properly alleged in the Complaint, they are not sufficient to establish a pattern of racketeering activity as required by the statute. Simply proving two related acts of mail or wire fraud does not necessarily plead an actual violation of RICO. In fact, "courts are cautious about basing a RICO claim on predicate acts of mail and wire fraud because it will be the unusual fraud that does not enlist the mails and wires in its service at least twice." *Al-Abood v. El-Shamari*, 217 F.3d 225, 238 (4th Cir. 2000). The caution exists to prevent application of the RICO statute to "garden-variety fraud claims better prosecuted under state law." *Id.* Concern that RICO not be applied to so-called "garden-variety fraud" is a recurring theme in Fourth Circuit jurisprudence. *Maryland-Nat'l Capital Park and Planning Comm'n v. Boyle*, 63 Fed. Appx. 98, 101 (4th Cir. 2003) ("claims advanced by the plaintiffs amounted to nothing more than ordinary or garden-variety fraud"); *Eplus Tech.*, 313 F.3d at 180 (4th Cir. 2002); *Menasco, Inc. v. Wasserman*, 886 F.2d 681, 684 (4th Cir. 1989). Such is the case here.

Plaintiffs' Complaint boils down to a series of contract disputes between a construction company and its disgruntled customers. RICO was never intended to be applied to commonplace commercial controversies. It is reserved for "ongoing unlawful activities whose scope and purpose pose a special threat to social well being." *Menasco*, 886 F.2d at 684. This case falls squarely within the heartland of fraud cases best resolved

8

by state courts. They do not rise to the level of a RICO violation as a matter of law. *Al-Abood*, 217 F.3d at 238.

**B.     Count II: State Law Claims**

Plaintiffs' Complaint contains several allegations of state fraud in Counts II through V. In their reply to Defendants' motions, Plaintiffs urge the Court to exercise supplemental jurisdiction over those claims even if the Court determines that the RICO charge should be dismissed. *See* 28 U.S.C. § 1367. The supplemental jurisdiction statute, however, gives the Court wide discretion to dismiss a case when it has dismissed the elements of the complaint that conferred original jurisdiction. "Among the factors that inform this discretionary determination are convenience and fairness to the parties, the existence of any underlying issues of federal policy, comity, and considerations of judicial economy." *Shanaghan v. Cahill*, 58 F.3d 106, 110 (4th Cir. 1995).

Not only are there no issues of federal policy, but Plaintiffs have alleged violations of RICO in their Complaint to bootstrap into federal court claims that clearly belong in state court. Plaintiffs have brought what is sometimes referred to as a "state law claim in federal law clothing." *Johnson v. Collins Entertainment Co.*, 199 F.3d 710, 722 (4th Cir. 1999). "Because of the diminished federal interest in adjudicating such claims and the heightened threat they pose to uniform state regulation, federal courts have less interest at stake in adjudicating such claims and often abstain in such cases." *Id.*

Given the dismissal of the RICO claim that originally conferred federal

9

jurisdiction, there are now no federal interests at stake in this case. The Court can find no reason why adjudicating the state law claims contained in Counts II through V of the Complaint should be the province of a federal judge.

## IV. Conclusion

For the reasons stated above, Defendants' motions to dismiss are granted. An appropriate Order will accompany this Memorandum Opinion.

/s/
Henry E. Hudson
United States District Judge

ENTERED this 22 day of Oct. 2007.
Richmond, VA